**In re Laura M. LOMBARDI, Debtor.**

**Bankruptcy No. 95–22611.**

United States Bankruptcy Court,
W.D. New York.

March 8, 1996.

---

Thomas A. Corletta, Rochester, NY, for Debtor.

Jonathan D. Pincus, Rochester, NY, for Beneficial Finance of New York, Inc.

## DECISION AND ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On November 2, 1995 Laura M. Lombardi ("the Debtor") filed a petition initiating a Chapter 7 case. On her schedules and statements filed with the Court, the Debtor: (1) listed her ownership of a 1991 Hyundai Excel 3–door hatchback automobile ("the Hyundai"); (2) indicated that the Hyundai had been driven in excess of 70,000 miles; (3) valued the Hyundai at $1,800.00, a November 1995 NADA value; (4) claimed the Hyundai as exempt; and (5) indicated that she intended to retain the Hyundai, reaffirm an obligation owed to Hyundai Motor Finance ("Hyundai Finance"), which was secured by a first lien on the automobile, and redeem the Hyundai pursuant to Section 722 from a second lien in favor of Beneficial Finance of New York, Inc. ("Beneficial") which secured an obligation of $5,000.

The Court's records show that on December 11, 1995 a reaffirmation agreement with Hyundai Finance was filed with the Court which met the requirements of Section 524 and provided that the amount due Hyundai Finance was in excess of $1,800.

A minute report of the Section 341 Meeting of Creditors held on December 7, 1995, showed that an attorney for Beneficial had attended the meeting.

On November 20, 1995 the Debtor filed a motion to have the second lien of Beneficial on the Hyundai avoided pursuant to Section 506(d). The motion asserted that since the value of the Hyundai was less than the amount due on the obligation owed to Hyundai Finance, which was secured by a first lien on the automobile, the allowed secured claim of Beneficial under Section 506(a) was zero and, therefore, its lien could be avoided under Section 506(d). On December 18, 1995, however, the Debtor amended the motion (the "Motion to Redeem") to request that she be allowed to redeem the Hyundai pursuant to Section 722 [1] from the second lien of Beneficial by paying it nothing or a nominal amount. In the Motion to Redeem, the Debtor acknowledged that the relief requested in the original motion was unavailable because of the decision of the United States Supreme Court in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). The Motion to Redeem was re-served on Beneficial and was made returnable on January 17, 1996. Beneficial did not interpose any opposition to the Motion to Redeem and it did not appear on the January 17, 1996 return date.[2]

The Motion to Redeem indicated that: (1) Hyundai Finance had a purchase money security interest and first lien on the Hyundai to secure an obligation of in excess of $1,800.00, which had been reaffirmed; (2) the value of the Hyundai vehicle was no greater than $1,800.00; (3) as a result, the value of Beneficial's allowed secured claim under 506(a) [3] as to the Hyundai was zero; and (4) the Debtor should be authorized to redeem

---

**1.** Section 722 provides:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

**2.** This Court has a default procedure for Section 722 redemptions which results in the matter being stricken from the motion calendar if no

timely opposition is filed. Notwithstanding any lack of opposition, the Court always reserves the right to deny the relief requested if it believes that the movant has not demonstrated a fundamental right to the relief.

**3.** Section 506(a) provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that

the Hyundai for no payment or only a nominal payment.

## DISCUSSION

The Debtor has met the requirements of Section 722. The Hyundai is tangible personal property intended primarily for personal, family or household use which was exempted by the Debtor. Furthermore, the Beneficial obligation is a dischargeable consumer debt. These requirements having been met, Section 722 provides that the Debtor can redeem the property from a lien securing the dischargeable consumer debt by paying the holder the amount of its allowed secured claim.

Although the Supreme Court has determined that a Chapter 7 debtor cannot use Sections 506(a) and 506(d) to "strip down" a lien, an analysis of the lienholder's allowed secured claim under Section 506(a) is still necessary to implement the provisions of Section 722. On the facts presented, Beneficial has no allowed secured claim under Section 506(a) as to the Hyundai because its value is less than the amount owed to Hyundai Finance on an obligation which is secured by a first and superior lien on the automobile.

Therefore, Section 722 allows the Debtor to redeem the Hyundai from the second lien held by Beneficial for the amount of its allowed secured claim, which is zero.[4]

In a similar case, Bankruptcy Judge Thomas C. Britton allowed the redemption of a subordinate lien unsupported by value in an automobile for the amount necessary to cover the lienholder's cost to file an appropriate release of lien. *See In re Altenberg*, 1 Collier Bankr.Cas.2d 807 (Bankr.S.D.Fla. Mar. 7, 1980).

Although the idea of redeeming property for no payment may seem inconsistent, since it appears that redemption should be an affirmative act, it is appropriate in the proper circumstances. In many, if not most redemption cases, a first lien on property eligible for redemption under 722 will be redeemed for less than the amount due on the obligation which secures that first lien. If a subordinate lien could not then be redeemed and cancelled for no payment or only a nominal payment, the subordinate lienholder would retain its lien and some economic and possibly intangible value after the superior lienholder had its lien redeemed and cancelled for less than the amount of its obligation.[5]

Furthermore, the relief requested by this Debtor is consistent with the scheme of the Bankruptcy Code with regard to consensual liens on exempt personal property. When Section 722 and Section 522(f)(1)(B) are viewed together, it is clear that Section 522(f)(1)(B) elevates an available exemption over nonpurchase money security interests in various items of exempt personal property, whereas Section 722, which covers some items of exempt personal property not covered under Section 522(f)(1)(B), as well as purchase money liens, preserves the lien for the holder despite the exemption, but only to the extent of the value of the exempt property.

## CONCLUSION

The lien of Beneficial Finance of New York, Inc. on the Debtor's 1991 Hyundai Excel shall be redeemed for the payment to Beneficial of $10.00, an amount intended to cover its cost in completing and providing to the Debtor a release of lien which the Debtor can file with the New York State Commissioner of Motor Vehicles. Beneficial is to provide the release of lien to the Debtor

---

the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

**4.** It is significant in this case that Beneficial did not interpose opposition after it received proper notice of the Motion to Redeem and its counsel had attended the Section 341 Meeting.

**5.** It is unusual to see a second lien on an automobile where there is no value to support it because lenders generally will not incur the time and expense of perfecting such a lien in the absence of demonstrated realizable value.

within five business days of its receipt of the $10.00 redemption payment.

**IT IS SO ORDERED.**